# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|                           |   |                              |
|---------------------------|---|------------------------------|
| **UNITED STATES OF AMERICA** | ) |                              |
|                           | ) | Case No. 1:03CR00020-008     |
| v.                        | ) |                              |
|                           | ) | **OPINION**                  |
| **VERNON BROOKS**,        | ) |                              |
|                           | ) | By: James P. Jones           |
| Defendant.                | ) | Chief United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for the United States; Vernon Brooks, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). The government has filed a Motion to Dismiss, and the defendant has responded, making the matter ripe for disposition. Upon review of the record, I find that the government's motion must be granted.

I

The defendant, Vernon Brooks, was first indicted in this district on February 12, 2003, with the charge that he and others had participated in drug trafficking in Russell County, Virginia, between January 2001 and January 2002. Brooks pleaded

not guilty and was tried before a jury on September 9 and 10, 2003, on two counts of a Third Superseding Indictment, returned August 27, 2003, which charged him with conspiring to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C.A. § 846 (West 1999) (Count One) and possession with intent to distribute and distribution of oxycodone within 1000 feet of a rest area or truck stop, in violation of 21 U.S.C.A. § § 841(a)(1) (West 1999 & Supp. 2008) and 849 (West 1999) (Count Two). The jury found him guilty on both counts. I conducted a two-part sentencing hearing on November 25 and December 12, 2003, and imposed a sentence of 210 months imprisonment.

Brooks appealed, and his convictions and sentence was upheld by the court of appeals, but the Supreme Court reversed Brooks's sentence, in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Brooks*, 111 F. App'x 701 (4th Cir. 2004), *cert. granted and judgment vacated*, 544 U.S. 902 (2005). Ultimately, the case was remanded for resentencing. *United States v. Brooks*, 157 F. App'x 603 (4th Cir. 2005). On March 3, 2006, I conducted a resentencing hearing, applying the advisory sentencing guidelines, and again sentenced Brooks to 210 months of imprisonment. The judgment was affirmed on appeal. *United States v. Brooks*, 223 F. App'x 260 (4th Cir.), *cert. denied*, 128 S. Ct. 229 (2007).

In his timely filed § 2255 motion, Brooks alleges the following grounds for relief:

1. Counsel was ineffective at trial and at the resentencing hearing for failing to argue that the Indictment was invalid because it did not charge as an element of the offense the amount of drugs for which the defendant should be sentenced (Claim One);

2. The Indictment failed to charge a drug amount, so the jury did not decide this element of the offense (Claim Two); and

3. The court sentenced the defendant based on facts found by the court by a preponderance of the evidence and not found by the jury beyond a reasonable doubt (Claim Three).

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

A. *PROCEDURALLY DEFAULTED CLAIMS*.

A collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial errors that could have been, but were not raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

The allegation of error now raised in Claim Two could have been raised on direct appeal.[1] Therefore, Claim Two is procedurally barred from review under § 2255 unless Brooks shows cause and prejudice or a miscarriage of justice. Because the government has failed to raise procedural default as an affirmative defense in this case, however, the defendant has had no notice of this issue. *See, e.g., United States v. Willis*, 273 F.3d 592, 596-97 (5th Cir. 2001) (finding that district court may sua sponte dismiss § 2255 claims as procedurally defaulted only under certain circumstances, including notice to defendant). Therefore, I cannot dismiss Claim Two as defaulted. For reasons I will hereafter explain, I will instead dismiss the claim as meritless.

---

[1] Claim One is appropriately raised in a § 2255 motion. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) (finding that unless record conclusively shows that counsel was ineffective, such claim cannot be addressed on direct appeal).

- 4 -

Claim Three has already been decided by the court of appeals. In remanding his case for resentencing under *United States v. Booker*, 543 U.S. 220 (2005), the Fourth Circuit noted:

> The facts that are supported by the verdict of the jury are that Brooks is responsible for an unspecified quantity of oxycodone as part of the conspiracy of which he was a part, and that the conspiracy occurred near a protected area. These facts correspond with an offense level of eight, see U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(17), 2D1.2(a)(1) (2003), and a sentencing range of zero to six months' imprisonment.

*Brooks*, 157 F. App'x. at 604-05. In Claim Three, Brooks argues that instead of limiting my resentencing consideration to these facts as found by the jury, I erred by relying on additional facts from the original Presentence Investigation Report ("PSR") that were not found by the jury so as to sentence him to 210 months under the advisory guidelines. Brooks also argues that his sentence was unreasonable.

Brooks raised this same claim on appeal after the resentencing, and the court of appeals discussed and rejected it. *Brooks*, 223 F. App'x at 261-62. The court found that in sentencing him under an advisory sentencing scheme and considering appropriate factors, I corrected the Sixth Amendment error on which his case was remanded under *Booker*, and the new sentence was reasonable. *Id.* at 262. Once an issue has been fully considered and decided by the court of appeals, the defendant cannot relitigate the issue before the district court under § 2255. *Boeckenhaupt v.*

- 5 -

*United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). As the court of appeals already fully considered and decided the allegations Brooks raises in Claim Three, he cannot relitigate that claim in his § 2255 motion, and I must dismiss it accordingly.[2]

---

[2] In his § 2255 motion, Brooks does not include an express allegation of ineffective assistance relating to the court error asserted in Claim Three. In his response, however, he suggests that counsel failed to put on "new evidence . . . regarding the unspecified quantity of oxycodone attributable to Brooks" and failed to present any "*Booker* argument." (Def.'s Resp. at 3). Any *Booker* argument at the resentencing would have failed, because I treated the guidelines as advisory, pursuant to *Booker*. *See Rita v. United States*, 127 S. Ct. 2456, 265-66 (2007) (finding that where guidelines are applied as advisory rather than mandatory, sentence may be based in part on facts found by a judge by a preponderance of the evidence). Brooks also fails to provide any additional evidence available to counsel with which he could have refuted the Probation Officer's evidence regarding the amount of drugs for which Brooks should be held accountable. Thus, Brooks does not demonstrate that counsel's alleged omissions regarding new evidence and *Booker* arguments were either deficient representation or prejudicial to his defense, as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for habeas relief on such grounds.

In his response to the Motion to Dismiss, Brooks also asserts that the sentence imposed at the resentencing hearing did "not demonstrate reasonableness as defined by Blakely, Booker, Kimbrough, Gall, etc." (Deft.'s Resp. at 3.) Because Brooks could have raised this argument at the March 3, 2006 resentencing hearing and on direct appeal, such claims are now procedurally barred from review under § 2255. *See Blakely v. Washington*, 542 U.S. 296 (2004). The Supreme Court's decisions in *Gall v. United States*, 128 S. Ct. 586 (2007) and *Kimbrough v. United States*, 128 S. Ct. 558 (2007) were decided after the April 12, 2007 order of the court of appeals which affirmed the judgment resentencing Brooks to 210 months imprisonment. These cases held that under the post-*Booker*, advisory guidelines regime, the district judge may not presume that the guidelines range is reasonable, but must make an individualized assessment based on facts presented, *Gall*, 128 S. Ct. at 597, and the judge may vary from the guidelines range based on his disagreement with policy positions expressed through the guidelines themselves, such as the disparity between the guidelines for crack cocaine and powder cocaine offenses. *Kimbrough*, 128 S. Ct. at 575. As the court of appeals recognized, I did make an individualized assessment of the facts presented at the resentencing in Brooks's case. (Tr., 3-3-2006, 15-16.) Thus, I do not find that Brooks is entitled to relief under § 2255 based on the *Gall* or *Kimbrough* decisions.

### B. NO *APPRENDI* ERROR IN THE INDICTMENT.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland*, 466 U.S. at 687. First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. Second, to show prejudice, the petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95.

Brooks's Claims One and Two center on his belief that his indictment was invalid because it did not charge a specific amount of drugs for which he should be held accountable and the jury made no such finding. In support of this assertion, he relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In applying *Apprendi* principles to federal drug trafficking offenses, the Fourth Circuit held that drug

quantity is an element of the aggravated drug offenses set forth in 21 U.S.C.A. §§ 841(b)(1)(A) and 841(b)(1)(B), because these statutes increase the possible range of punishment when the trafficking offense involves more than a specified quantity of controlled substance. *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001). Thus, if an indictment charging a drug trafficking conspiracy did not allege a specific quantity of drugs, the defendant can be convicted and sentenced only for a conspiracy to violate § 841(b)(1)(C), which sets forth a maximum sentence of twenty years for any drug offenses involving an unspecified amount of drugs. *United States v. Cannady*, 283 F.3d 641, 647 (4th Cir. 2002).

Clearly, *Apprendi* does not require that the indictment in this case be vacated. The fact that the indictment did not allege a specific drug amount in connection with the charges against Brooks merely means that he was convicted of conspiracy to violate § 841(b)(1)(C) and not the aggravated offenses set forth in §§ 841(b)(1)(A) and 841(b)(1)(B). Accordingly, counsel had no legal grounds on which to seek dismissal of the Indictment based on its failure to charge a specific drug amount or on which to request an instruction requiring the jury to find the drug amount beyond a reasonable doubt. Brooks thus cannot demonstrate that counsel's failure to take these actions constituted deficient and prejudicial representation. Claim One fails

under *Strickland* accordingly, and claim Two fails under *Apprendi* and its progeny, because the indictment was not invalid.

III

For these reasons, I conclude that the defendant demonstrates no ground on which he is entitled to relief under § 2255. Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

                                       ENTER: January 28, 2009

                                       /s/ JAMES P. JONES
                                       Chief United States District Judge